UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEREK BRIGGS, | § | |
| TDCJ # 01666858 | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0034 |
| | § | |
| LORIE DAVIS, EXECUTIVE | § | |
| DIRECTOR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Derek Briggs, a state inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brings this lawsuit complaining of events at the Darrington Unit in Brazoria County. Briggs alleges in his complaint (Dkt. 1) that he was dispensed medicine that did not belong to him. Because Briggs is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings. The Court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A, § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

# I.    BACKGROUND

Briggs brings claims against (1) Defendant Teresa Garces, whom he identifies as a "charge nurse" at the Darrington Unit; (2) Defendant Betsy Zachariah, a supervisory nurse at Darrington Unit; (3) Defendant "UTMB Medical President"; and, (4) Defendant Lorie Davis, the Executive Director of TDCJ (Dkt. 1, at 3).    He alleges that at the Darrington Unit on September 15, 2017, he received a "KOP," or "keep on person," medication pack that had another inmate's name on it and was not intended for him (*id.* at 4).    Briggs states that a doctor has ordered that he not be dispensed KOP medication packs because he is a psychiatric patient and previously has attempted suicide by overdosing (*id.* at 6).    He claims that the KOP pack was given to him by an unnamed "evening African pill nurse woman," that she refused to take it back, and that she gave him his "regular psych medication without asking for identification" (*id.* at 4).    He claims that Defendant Garces, the "charge nurse," then took the KOP pack away from him in "the medical room" (*id.* at 4, 6).    He does not state how long the KOP medication was in his possession, and does not claim that he consumed medicine that was intended for another inmate.[1]    He apparently alleges that Garces failed to adequately correct the actions of the "pill nurse."

---

[1]    Briggs filed a grievance about the September 15, 2017, incident (Grievance Number 2018008015) and pursued the grievance through both stages of TDCJ's administrative grievance system.  At Step One, TDCJ responded that Defendant Zachariah had investigated the issue and would discuss it with "the appropriate discipline leader" (Dkt. 1-1, at 10-11).  At Step Two, Briggs continued to complain that the unnamed nurse had refused to let him return the KOP medicine and had disregarded his life.  TDCJ responded that, after review, documentation did not support his claims, but rather showed that Briggs had been "escorted to the medical department by security at which time [he] could not produce the medication [he] claimed to be given" (*id.* at 12-13).

Briggs further alleges that, on the evening of January 1, 2018, a KOP blood pressure pill pack was dropped in his cell "again" (Dkt. 1, at 9). Although these medicines had been prescribed to Briggs, he appears to allege that they should not have been dispensed in a KOP pack because of the previous overdose attempt (*id*.).

Briggs does not allege any physical harm resulting from the alleged incidents on September 15, 2017, or January 1, 2018. His complaint seeks $75,000 in damages for "emotional distress" and a "violation that could have resulted in my death" (*id*. at 4).

Briggs' complaint is undated and was docketed in the Eastern District of Texas, Tyler Divison, on January 18, 2018. On February 8, 2018, the case was transferred to this Court (Dkt. 5) because the alleged events occurred at the Darrington Unit in Brazoria County, which is located in the Southern District of Texas, Galveston Division. Since the case was transferred, Briggs has submitted several letters regarding events occurring in February and March 2018 at the Michael Unit, where Briggs currently is incarcerated (Dkt. 9, 10, 11 & 13). The Michael Unit is located in the Eastern District of Texas, Tyler Division.

## II. <u>STANDARD OF REVIEW</u>

The Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A, § 1915(e)(2)(B). In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); see *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.  ANALYSIS

Briggs sues four Defendants affiliated with TDCJ in connection with his receipt of KOP packs on September 15, 2017, and January 1, 2018. Briggs alleges that he was endangered by these incidents because of a previous overdose attempt. He does not claim that he was physically harmed or that he consumed any medication that was not prescribed to him.

Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. See *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). Because Briggs was, at all relevant times, a convicted felon in state prison, his

claims regarding medical care are governed by the Eighth Amendment prohibition against "cruel and unusual" conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) (the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

### A. Official immunity

Briggs seeks $75,000 in damages. To the extent he sues Defendants in their official capacities as state employees, Defendants are entitled to immunity under the Eleventh Amendment from claims for monetary damages. Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state. *See Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011); *Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002). The Eleventh Amendment bars a suit for money damages under 42 U.S.C. § 1983 against TDCJ or UTMB, as state agencies, or against state employees acting in their official capacity. *Oliver v. Scott*, 276 F.3d 736, 742 & n.5 (5th Cir. 2002).

Because Defendants in this case are sued for actions taken during the course of their employment, any claims against them in their official capacity as state employees are barred by the Eleventh Amendment and are dismissed.

### B. Emotional Injury

Briggs' claim for damages is precluded by statute. He seeks $75,000 in damages for his "emotional distress" resulting from the dispensation to him of KOP medication packs. The PLRA, 42 U.S.C. § 1997e(e), precludes an action for compensatory damages

"for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." Because Briggs has not pleaded any physical injury in connection with the incidents on September 15, 2017, or January 1, 2018, his claims must be dismissed on this basis. 42 U.S.C. § 1997e(c).

### C. Eighth Amendment

Moreover, even if Briggs' claims were not barred by official immunity or Section 1997e(e), they would fail under Eighth Amendment standards. To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that Defendants exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal citations and quotation marks omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015). "The mere delay of medical care can also constitute an Eighth Amendment violation but only 'if there has been deliberate indifference [that] results in substantial harm.'" *Easter*, 467 F.3d at 463 (quoting *Mendoza v. Lynaugh*, 989 F.2d 191. 193 (5th Cir. 1993)).

The Eighth Amendment standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the prisoner must show "objective exposure to a substantial risk of serious harm." *Gobert v. Caldwell*, 463 F.3d

339, 345 (5th Cir. 2006). Second, he must show that the defendant acted, or failed to act, with deliberate indifference to the risk. *Id.* at 345-46. "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Id.* at 346 (quoting *Farmer*, 511 U.S. at 847).

Briggs alleges that he possessed a KOP pack that was not intended for him for an unspecified amount of time on September 15, 2017, and that after he protested, Defendant Garces took the KOP pack away from him. Taking all of Briggs' allegations as true, the unnamed pill nurse who gave him the KOP pack made an error, and the error was corrected by Defendant Garces. Plaintiff did not consume the medication in the KOP pack that was intended for another inmate and has not alleged any harm other than emotional distress. These allegations are plainly insufficient to state a claim for "deliberate indifference" by Garces that caused Briggs an "unnecessary and wanton infliction of pain." *See Easter*, 467 F.3d at 463. Indeed, even if Briggs had pleaded sufficient facts to support a claim of negligence by TDCJ staff, such allegations would be insufficient to state a claim under the Eighth Amendment deliberate indifference standard. *See Hinojosa*, 807 F.3d at 665.[2] For the same reason, Briggs' allegation that

---

[2]    To the extent Briggs claims that Defendant Garces should have disciplined the pill nurse, specific personnel actions taken within TDCJ are irrelevant to his Eighth Amendment claim of deliberate indifference to his serious medical needs. *See Easter*, 467 F.3d at 463. Moreover, the Supreme Court has cautioned against the courts intervening in matters of prison management. *See Bell v. Wolfish*, 441 U.S. 520, 562 (1979) ("the inquiry of federal courts into prison management must be limited to the issue of whether a particular system violates any prohibition of the Constitution"); *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) ("[w]hile federal courts can certainly enter injunctions to prevent Eighth Amendment violations, they are not to micromanage state prisons").

his blood pressure medicine was improperly dispensed in a KOP pack on January 1, 2018, also fails to state an Eighth Amendment claim.

As for the other Defendants in this lawsuit, Briggs alleges that they are liable because they employed incompetent staff or failed to properly train staff. *See* Dkt. 1, at 3 (Director Davis "dispense[d] incompetent UTMB nurses, reckless with meds"; the "UTMB Medical President . . . employ[ed] incompetent medical staff"; Defendant Zachariah was "in charge of poorly trained nurses"). Supervisory officials can be held liable under Section 1983 only if the plaintiff demonstrates (1) the supervisor's personal involvement in the acts that caused the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Gates v. Texas Dep't of Prot. & Reg. Servs.,* 537 F.3d 404, 435 (5th Cir. 2008); *Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003). "A supervisor may also be liable for failure to supervise or train if: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Goodman v. Harris Cnty.,* 571 F.3d 388, 395 (5th Cir. 2009)). In this case, Briggs alleges no personal involvement of the three supervisory Defendants in the alleged events. More fundamentally, as held above regarding Defendant Garces, his allegations regarding his receipt of KOP meds are insufficient to state a claim for a violation of the Eighth Amendment. His claims against the

supervisory defendants therefore fail.  *See Porter*, 659 F.3d at 446; *Gates*, 537 F.3d at 435.

### D.    Other Allegations

Plaintiff has filed multiple letters (Dkt. 9, 10, 11, & 13) complaining of events that occurred at the Michael Unit in February and March 2018, after his complaint was filed and after the case was transferred to this Court.  Among other allegations, Briggs states that TDCJ officials are not processing his grievances; that officials discontinuing his Benadryl prescription, which he needs to control side effects from his psychiatric medications; and that he has multiple, unaddressed medical issues.  He alleges that officials are retaliating against him for various complaints he has lodged.

The events alleged in Briggs' letters are irrelevant to his claim in this suit regarding improper dispensation of KOP medicine packs.  To the extent Briggs seeks leave to file supplemental pleadings under Federal Rule of Civil Procedure 15(d), the Court denies the request.  *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983); *see also Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018). All of Briggs' original claims have been dismissed, the supplemental allegations are not germane to Briggs' original claims, and Briggs could bring a separate lawsuit to pursue any new claims.  Additionally, the Court notes that the alleged events in February and March occurred at the Michael Unit, which is not located in this judicial district but rather in the Eastern District of Texas, Tyler Division, and that Plaintiff states in his letters that he has not yet exhausted his administrative remedies

(*see, e.g.*, Dkt. 10 & 11).  For all of these reasons, the Court in its discretion denies leave to file supplemental pleadings.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court ORDERS as follows:

1.      The complaint (Dkt. 1) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim.

2.      The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk will provide a copy of this order to the parties and to the Manager of the Three-Strikes List for the Southern District of Texas.**

SIGNED at Galveston, Texas, this 31st day of May, 2018.

George C. Hanks Jr.
United States District Judge